OPINION
On November 29, 1996, appellant, Henry DiNofrio, was injured in an automobile accident. Appellant was taken to Massillon Community Hospital where appellee, Charles Paquelet, M.D., operated on appellant's broken leg. Appellee inserted an eleven millimeter intramedullary nail into appellant's femur.
Eight months after the operation, appellant was still in a lot of pain and felt that his leg was unstable. Appellant saw a second doctor, Dr. Gruen, on August 28, 1997. Dr. Gruen performed a second operation on appellant's leg. Dr. Gruen replaced the eleven millimeter nail with a larger one.
Following the second surgery, appellant noticed an improvement and returned to work on January 5, 1998. Appellant's repaired leg is shorter than the other.
On October 18, 1999, appellant, together with his wife, Debbie DiNofrio, filed a complaint for medical malpractice against appellee alleging he was negligent in operating on appellant's leg. A jury trial commenced on August 9, 2000. The jury found in favor of appellee. The trial court reduced the verdict to judgment on August 11, 2000.
Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS-APPELLANTS IN REFUSING TO ALLOW THEM TO CROSS-EXAMINE THE DEFENDANT-APPELLEE'S EXPERT, AS PERMITTED BY EVID.R. 706, WITH LEARNED TREATISES, I.E., THE RUSSELL-TAYLOR SURGICAL TECHNIQUE MANUAL.
II
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFFS-APPELLANTS IN REFUSING TO ALLOW THEM, IN OPENING STATEMENT, TO REFER TO THE TESTIMONY OF DR. BILFIELD.
 I
Appellants claim the trial court erred in denying the use of the "Russell-Taylor Surgical Technique Manual" (Plaintiffs' Exhibit 9) for cross-examination purposes. We disagree.
Appellants argue the manual is a learned treatise and based upon the Supreme Court of Ohio's opinion in Freshwater v. Scheidt (2000),86 Ohio St.3d 260, it should have been admissible in the cross-examination of appellee's expert witness.
The threshold question is whether or not the manual is a learned treatise. Learned treatises are "standard authorities on the subjects to which they relate." Hallworth v. Republic Steel Co. (1950),153 Ohio St. 349, 354. Learned treatises are "[l]earned writings***regarding specialized areas of knowledge or skill" which include "sufficient assurances of trustworthiness to justify equating a learned treatise with a personally-testifying expert." Stinson v. England (1994), 69 Ohio St.3d 451, 460, fn. 1 (Wright, J., concurring in part and dissenting in part).
Appellants argue their expert, Andrew Roth, M.D., established that the manual was a learned treatise. Upon reviewing the following testimony from Dr. Roth, we disagree with the broad generalization that Dr. Roth qualified the manual as a learned treatise:
Q. Have you had a chance, Doctor, to review this manual?
A. Yes, I did.
Q. All right. Is it your understanding that this manual is authoritative?
* * *
 A. I believe that the Russell-Taylor manual is produced and sold by Smith Nephew, I think. So for the Russell-Taylor nail, just as for every manufacturer, there is a technique instruction manual, surgical technique manual that goes along with the nail that is authoritative for the purposes of implantation and using that nail.
T. at 512-513.
Further, the nail that is explained in the Russell-Taylor manual is different than the nail that was used sub judice: Q. Doctor, I understand you use the Russell-Taylor nail; is that correct?
A. That's correct.
 Q. What are the differences between the Russell-Taylor nail and the Alta nail that was used in Mr. Dinofrio's procedure?
* * *
 A. There is some subtle differences. The screw orientation is different, for one. The flexibility I believe is better tested in the Russell-Taylor from a laboratory standpoint.
* * *
 Q. What about the size of the nail, is an 11 millimeter Russell-Taylor nail the same as an 11 millimeter Alta nail?
 A. Again, I'm not sure in terms of the cross-sectional anatomy of that, to be honest.
 Q. Talking about the diameter, is 11 millimeters equivalent in this manual as opposed to the Alta nail? A. I can't answer that for sure.
T. at 363-364.
The size of the nail used by appellee was a major point in appellants' case. Appellants argued "the nail was too small" and appellee "put on the proximal targeting device inappropriately." T. at 36, 37.
Upon review, we reject the manual as a learned treatise because an Alta nail was used and Plaintiffs' Exhibit 9 referenced only the Russell-Taylor nail. The very malpractice complained of consisted of the use of the small Alta nail and placement of the proximal targeting device which were not subjects of the manual[1]. Further, the manual is clearly an instructional manual for the use and installation of the Russell-Taylor nail and although it may very well qualify as a learned treatise in a trial involving a Russell-Taylor nail, it does not qualify for such sub judice.
Assignment of Error I is denied.
 II
Appellants claim the trial court erred in not permitting the reading to the jury during opening statement of a portion of a witness's sworn statement.
Appellants argue the trial court should have permitted their trial counsel to read a portion of the sworn deposition testimony of Laurence Bilfield, M.D. during opening statement pursuant to Civ.R. 32(A)(3)(e): "[t]he deposition of a witness***may be used by any party for any purpose if the court finds***that the witness is an attending physician or a medical expert." The trial court denied the request citing hearsay, but reserved ruling of the deposition's use during trial. T. at 39. Later, during appellants' case-in-chief, portions of the deposition were read to the jury. T. at 175-213.
Deposition testimony may be used if the requirements of Civ.R. 32 are met and the testimony is not hearsay. Although we conclude the trial court erred in not permitting the reading of the deposition testimony during opening statement, we find such error was corrected by the trial court in permitting portions of the deposition to be read at trial. Also, we note appellants' trial counsel specifically emphasized Dr. Bilfield's opinion during closing argument. T. at 603. In addition, the requirement in Civ.R. 32(A)(4)[2] could not have been assured if the matter had not been presented at trial.
Upon review, we find any error to be harmless pursuant to Civ.R. 61 which states as follows:
 No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Hoffman, P.J. and Boggins, J. concur.
 ____________ Farmer, J.
[1] Plaintiffs' Exhibit 9 identifies the Russell-Taylor nail as being available in diameteres of 12, 13, 14, 15 and 16 millimeters whereas the Alta nail was 11 millimeters. Further, the Russell-Taylor nail "has a unique Proximal Drill Guide." See, Plaintiifs' Exhibit 9.
[2] "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."